<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EXTREME LASER TECHNOLOGIES, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**CACI INTERNATIONAL, INC.,** *et al.*,<br><br>Defendants. | Civil Action No. 21-3695(ZNQ) (LHG)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Remand filed by Plaintiff Extreme Laser Technologies, Inc. ("Plaintiff"). (the "Motion," ECF No. 7). Defendant CACI International, Inc. ("Defendant") filed an opposition. ("Opposition," ECF No. 8). Plaintiff replied. (ECF No. 11).

The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT the Motion and remand this matter to New Jersey Superior Court, Mercer County.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On November 30, 2020, Plaintiff filed its Complaint alleging breach of contract in New Jersey Superior Court, Law Division, Mercer County. (ECF No. 1-1). On December 10, 2021, Plaintiff served Defendant with a copy of the Summons and Complaint. (Hudak Affidavit of

Service, ECF No. 7-1 at 38). On March 1, 2021, Defendant removed the suit to this Court. (ECF No. 1). Defendant's deadline to remove, however, had already expired on Monday, January 9, 2022, 30 days from its receipt of service of the summons and Complaint. Indeed, Defendant's Notice of Removal concedes that it was filed outside the 30-day period. (ECF No. 1 ¶¶ 25). On March 15, 2021, Plaintiff filed the instant Motion to Remand based on Defendant's failure to timely to remove this case.

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . ." 28 U.S.C. § 1441(a). A defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper. 28 U.S.C. §§ 1441, 1446, 1447; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). After a case has been removed, the district court may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F. 2d 848, 851 (3d Cir. 1992)).

A district court has subject matter jurisdiction over suits in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity must exist both at the time the complaint is filed and, if the case is removed, at the time of removal. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Generally, the defendant as the removing party bears the burden to establish federal jurisdiction. *Abels v.*

*State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).  Once a motion to remand is filed, the party that removed the case has the burden of establishing the propriety of removal.  *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998) (citing *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)); *see Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

Under 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action must be filed within thirty days after receipt by the defendant "of the initial pleading setting forth the claim for relief upon which such action . . . is based."  Section 1446(b) was designed to create a firm and definite period for removal.  *See Sibalich v. Nationwide Ins. Co.*, Civ. No. 18-7818, 2018 WL 4519311, at *2 (D.N.J. Sept. 4, 2018).  Some leeway is afforded where it is not apparent from the initial pleading that the case is removable.  A notice of removal may instead be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3); *McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 (3d Cir. 2022).

Here, it is undisputed that Defendant did not file its notice of removal within 30 days of its receipt of service of the summons and Complaint.  Its opposition to remand in this case is premised on its accusation that the Complaint fraudulently named CACI International, Inc. rather than naming CACI Technologies Inc., the entity with which Plaintiff had a contractual relationship.  In Defendant's own words "the removal petition need only be filed within a reasonable time after defendant learns of the fraudulent joinder." Opposition at 6 (quoting *Menefee v. General Foam Plastics Corp.*, Civ. No. 99-751, 1999 WL 153715, at *2 (E.D. Pa. Mar. 19, 1999)).  However, neither Defendant's opposition to the Motion nor its Notice of Removal disclose when it learned

of the allegedly fraudulent joinder of CACI International, Inc. Without this information, the Court cannot determine whether Defendant's removal was timely. Given that it is Defendant's burden to establish the propriety of its removal of this action, including that it was timely sought, and has failed to do so, the Court will grant the Motion.

### III.   CONCLUSION

For the reasons stated above, the Court will GRANT the Motion to Remand. An appropriate Order will follow.

Date: **July 29, 2022**

                                            s/ Zahid N. Quraishi
                                            **ZAHID N. QURAISHI**
                                            **UNITED STATES DISTRICT JUDGE**